# EXHIBIT A

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case Number **CV2020-005955**

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Sean A. Woods

Attorney Bar Number 028930

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

SUPERIOR COURT
FILED
J. FORD DEP
2020 MAY 19 PH 2:14

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #:    Email Address:

Tiffany Franco    5055 N. 12th St, Ste 101 Phoenix, AZ 85014    480.999.4556    docket@millsandwoods.com

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

Mesa Public Schools; Mesa Police Department; Alan Grantham; Jane Doe Grantham; Courtney Dillavou; John Doe Dillavou;

Kyle Enders; Jane Doe Enders; Jason Fajardo; Jane Doe Fajardo; James Gowdy; Jane Doe Gowdy; Lindsay Guthrie; John Doe Guthrie;

Jeremy Jones; Jane Doe Jones; Ross Pagel; Jane Doe Pagel; Jared Ryan; Jane Doe Ryan; Andrea Shook; John Doe Shook; Lisa Shupe;

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____    ☐ Tier 1    ☐ Tier 2    ☒ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*

☐ 103 Wrongful Death*

## 110 TORT NON-MOTOR VEHICLE:

☒ 111 Negligence*

☐ 112 Product Liability – Asbestos*

☐ 112 Product Liability – Tobacco*

☐ 112 Product Liability – Toxic/Other*

☐ 113 Intentional Tort*

☐ 114 Property Damage*

☐ 115 Legal Malpractice*

☐ 115 Malpractice – Other professional*

☐ 117 Premises Liability*

☐ 118 Slander/Libel/Defamation*

☐ 116 Other (Specify) _____*

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*        ☐ 123 Hospital*

☐ 122 Physician D.O*         ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☐ 139 Fraud*

☐ 134 Other Contract (i.e. Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☐ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute – Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☐ 183 Employment Dispute- Discrimination*

☐ 185 Employment Dispute-Other*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License

☐ 195(b) Amendment of Birth Certificate

☐ 163 Other*

_____

(Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC   ☐ Election Challenge

☐ Employer Sanction   ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

John Doe Shupe; Gerald Slemmer; Jane Doe Slemmer; Dalia Ellington Garcia Starks; John Doe Ellington Garcia Starks;

Stephen Walker; Jane Doe Walker; David Marks; Jane Doe Marks; JaNeal Hale; John Doe Hale; Karrie Flanigan; John Doe Flanigan

John Does 1-10; Jane Does 1-10; Black Corporations 1-10; and White Partnerships 1-10.

1  Robert T. Mills (Arizona Bar #018853)
   Sean A. Woods (Arizona Bar #028930)
2  Scott Griffiths (Arizona Bar #028906)
3  Elisabeth Small (Arizona Bar #035830)
   MILLS + WOODS LAW, PLLC
4  5055 North 12th Street, Suite 101
5  Phoenix, Arizona 85014
   Telephone 480.999.4556
6  docket@millsandwoods.com
7  *Attorneys for Plaintiff*

ORIGINAL

8

9       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10          **IN AND FOR THE COUNTY OF MARICOPA**

| TIFFANY FRANCO, an individual, | Case No.: CV2020-005955 |
|---|---|
| Plaintiff, | **SUMMONS** |
| vs. | |
| MESA PUBLIC SCHOOLS, a governmental entity; MESA POLICE DEPARTMENT, a governmental entity; ALAN GRANTHAM and JANE DOE GRANTHAM, a married couple; COURTNEY DILLAVOU and JOHN DOE DILLAVOU, a married couple; KYLE ENDERS and JANE DOE ENDERS, a married couple; JASON FAJARDO and JANE DOE FAJARDO, a married couple; JAMES GOWDY and JANE DOE GOWDY, a married couple; LINDSAY GUTHRIE and JOHN DOE GUTHRIE, a married couple; JEREMY JONES and JANE DOE JONES, a married couple; ROSS PAGEL and JANE DOE PAGEL, a married couple; JARED RYAN and JANE DOE RYAN, a married couple; ANDREA SHOOK and JOHN DOE SHOOK, a married couple; LISA SHUPE and JOHN DOE SHUPE, a married couple; GERALD SLEMMER and JANE DOE SLEMMER, a married couple; DALIA ELLINGTON GARCIA STARKS and | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

1  JOHN DOE ELLINGTON GARCIA
2  STARKS, a married couple; STEPHEN
   WALKER and JANE DOE WALKER, a
3  married couple; DAVID MARKS and
   JANE DOE MARKS, a married couple;
4  JANEAL HALE and JOHN DOE HALE, a
   married couple; KARRIE FLANIGAN and
5  JOHN DOE FLANIGAN, a married
6  couple; JOHN DOES 1-10; JANE DOES
   1-10; BLACK CORPORATIONS 1-10;
7  WHITE PARTNERSHIPS 1-10

8
                    Defendants.
9

10  **THE STATE OF ARIZONA TO THE DEFENDANTS:**

11

12  **Mesa Public Schools**
    **Alan Grantham**
13  **Jane Doe Grantham**
    **Courtney Dillavou**
14  **John Doe Dillavou**
    **Kyle Enders**
15  **Jane Doe Enders**
    **Jason Fajardo**
16  **Jane Doe Fajardo**
    **James Gowdy**
17  **Jane Doe Gowdy**
    **Lindsay Guthrie**
18  **John Doe Guthrie**
    **Jeremy Jones**
19  **Jane Doe Jones**
    **Ross Pagel**
20  **Jane Doe Pagel**
    **Jared Ryan**
21  **Jane Doe Ryan**
    **Andrea Shook**
22  **John Doe Shook**
    **Lisa Shupe**
23  **John Doe Shupe**
    **Gerald Slemmer**
24  **Jane Doe Slemmer**
    **Dalia Ellington Garcia Starks**
25  **John Doe Ellington Garcia Starks**
    **Stephen Walker**
26  **Jane Doe Walker**
    **David Marks**
27  **Jane Doe Marks**
    **JaNeal Hale**
28  **John Doe Hale**
    63 East Main Street, Suite 101
    Mesa, Arizona 85201

2

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this court.

If served within Arizona, you must appear and defend within twenty (20) days after the service of the Summons, Complaint, and Certificate of Compulsory Arbitration upon you, exclusive of the day of service. If served out of the State of Arizona, whether by direct service, by registered or certified mail, or by publication, you shall appear and defend within thirty (30) days after the service of the Summons, Complaint, and Certificate of Compulsory Arbitration upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of receipt by the party being served. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete thirty (30) days after filing the Affidavit of Compliance and return receipt or Officer's Return. Ariz. R. Civ. P. 4, 4.1, 4.2 and 12(a).

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiffs' attorney. Arizona Rules of Civil Procedure, Rules 5, 10; A.R.S. § 12-311.

Copies of the pleadings filed herein may be obtained by contacting the Clerk of Superior Court, Maricopa County, located at 201 W. Jefferson Phoenix, AZ. 85003-2243.

3

1    Requests for reasonable accommodation for persons with disabilities must be made

2 to the division assigned to the case by parties at least three (3) judicial days in advance of

3 a scheduled court proceeding.

4    Requests for an interpreter for persons with limited English proficiency must be

5 made to the division assigned to the case by the party needing the interpreter and/or

6 translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court

7 proceeding.

8 **THE NAME AND ADDRESS OF PLAINTIFFS' ATTORNEY IS:**

9 MILLS + WOODS LAW, PLLC

10 5055 N. 12th St., Suite 101
Phoenix, Arizona 85014

11

12 SIGNED AND SEALED this date: _____ MAY 19 2020

13 **CLERK OF THE COURT**
**MARICOPA COUNTY SUPERIOR COURT**

14

15 By: _____ **JEFF FINE, CLERK**

16 Deputy Clerk    J. Ford

17 METHOD OF SERVICE
___ Private Process Service

18 ___ Sheriff or Marshall

___ Personal Service

19 ___ Registered/Certified Mail (out-of-state)

20

21

22

23

24

25

26

27

28

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

4

JEFF FINE
Clerk of the Superior Court
By Jennifer Ford, Deputy
Date 05/19/2020 Time 14:12:30
Description                    Amount
---------- CASE# CV2020-005955 ----------
CIVIL NEW COMPLAINT              333.00

TOTAL AMOUNT                     333.00
        Receipt# 27791903

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Scott Griffiths (Arizona Bar #028906)
Elisabeth Small (Arizona Bar #035830)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TIFFANY FRANCO, an individual, | Case No.: **CV2020-005955** |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| MESA PUBLIC SCHOOLS, a governmental entity; MESA POLICE DEPARTMENT, a governmental entity; ALAN GRANTHAM and JANE DOE GRANTHAM, a married couple; COURTNEY DILLAVOU and JOHN DOE DILLAVOU, a married couple; KYLE ENDERS and JANE DOE ENDERS, a married couple; JASON FAJARDO and JANE DOE FAJARDO, a married couple; JAMES GOWDY and JANE DOE GOWDY, a married couple; LINDSAY GUTHRIE and JOHN DOE GUTHRIE, a married couple; JEREMY JONES and JANE DOE JONES, a married couple; ROSS PAGEL and JANE DOE PAGEL, a married couple; JARED RYAN and JANE DOE RYAN, a married couple; ANDREA SHOOK and JOHN DOE SHOOK, a married couple; LISA SHUPE and JOHN DOE SHUPE, a married couple; GERALD SLEMMER and JANE DOE SLEMMER, a married couple; DALIA ELLINGTON GARCIA STARKS and | |

JOHN DOE ELLINGTON GARCIA STARKS, a married couple; STEPHEN WALKER and JANE DOE WALKER, a married couple; DAVID MARKS and JANE DOE MARKS, a married couple; JANEAL HALE and JOHN DOE HALE, a married couple; KARRIE FLANIGAN and JOHN DOE FLANIGAN, a married couple; JOHN DOES 1-10; JANE DOES 1-10; BLACK CORPORATIONS 1-10; WHITE PARTNERSHIPS 1-10

Defendants.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

For her Complaint against Defendants Mesa Public Schools; Mesa Police Department; Alan Grantham and Jane Doe Grantham; Courtney Dillavou and John Doe Dillavou; Kyle Enders and Jane Doe Enders; Jason Fajardo and Jane Doe Fajardo; James Gowdy and Jane Doe Gowdy; Lindsay Guthrie and John Doe Guthrie; Jeremy Jones and Jane Doe Jones; Ross Pagel and Jane Doe Pagel; Jared Ryan and Jane Doe Ryan; Andrea Shook and John Doe Shook; Lisa Shupe and John Doe Shupe; Gerald Slemmer and Jane Doe Slemmer; Dalia Ellington Garcia Starks and John Doe Ellington Garcia Starks; Stephen Walker and Jane Doe Walker; David Marks and Jane Doe Marks; JaNeal Hale and John Doe Hale; Karrie Flanigan and John Doe Flanigan; John Does 1-10; Jane Does 1-10; Black Corporations 1-10; White Partnerships 1-10, Plaintiff Tiffany Franco alleges as follows:

## PARTIES, VENUE, AND JURISDICTION

1.     Pursuant to 42 U.S.C. § 1983, *et seq.*, 42 U.S.C. § 1985, and 20 USC § 1681, *et seq.*, Plaintiff Tiffany Franco brings this action for violations of the United States Constitution, including without limitation the Fourteenth Amendment, Title IX, and Arizona common and statutory laws, including A.R.S. § 12-514, *et seq.* and A.R.S § 12-821, *et seq.*

2.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

3. To the extent applicable, and without conceding that said statute applies, Plaintiff has served her Notice of Claim upon Defendants required to be served in compliance with A.R.S. § 12-821, *et seq.*

4. More than 60 days have expired since Plaintiff served her Notice of Claim.

5. Pursuant to Article 6, Section 14 of the Arizona Constitution, this Court has original subject matter jurisdiction of this Complaint because the claims relate to causes of action, the underlying acts and/or omissions for which, at all times relevant have caused the events alleged herein to occur in Maricopa County, Arizona.

6. Plaintiff Tiffany Franco ("Tiffany") is an unmarried woman who resides in Maricopa County, Arizona.

7. At all relevant times, Tiffany was a Maricopa County, Arizona resident.

8. Defendant Mesa Public Schools (the "District) is an Arizona governmental entity.

9. Defendant Mesa Police Department ("Mesa PD") is an Arizona governmental entity.

10. At all relevant times, Tiffany was a student at Red Mountain High School, within the District.

11. On information and belief, Defendants Alan Grantham and Jane Doe Grantham are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

12. At all relevant times, Defendant Alan Grantham ("Mr. Grantham") was an employee of the District.

13. On information and belief, Defendants Courtney Dillavou and John Doe Dillavou are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

14. At all relevant times, Defendant Courtney Dillavou ("Ms. Dillavou") was an employee of the District.

MILLS+WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

3

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

15.     On information and belief, Defendants Kyle Enders and Jane Doe Enders are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

16.     At all relevant times, Defendant Kyle Enders ("Mr. Enders") was an employee of the District.

17.     On information and belief, Defendants Jason Fajardo and Jane Doe Fajardo are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

18.     At all relevant times, Defendant Jason Fajardo ("Mr. Fajardo") was an employee of the District.

19.     On information and belief, Defendants James Gowdy and Jane Doe Gowdy are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

20.     At all relevant times, Defendant James Gowdy ("Mr. Gowdy") was an employee of the District.

21.     On information and belief, Defendants Lindsay Guthrie and John Doe Guthrie are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

22.     At all relevant times, Defendant Lindsay Guthrie ("Ms. Guthrie") was an employee or agent of the District.

23.     On information and belief, Defendants Jeremy Jones and Jane Doe Jones are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

24.     At all relevant times, Defendant Jeremy Jones ("Mr. Jones") was an employee of the District.

25.     On information and belief, Defendants Ross Pagel and Jane Doe Pagel are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

4

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

26. At all relevant times, Defendant Ross Pagel ("Mr. Pagel") was an employee of the District.

27. On information and belief, Defendants Jared Ryan and Jane Doe Ryan are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

28. At all relevant times, Defendant Jared Ryan ("Mr. Ryan") was an employee of the District.

29. On information and belief, Defendants Andrea Shook and John Doe Shook are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

30. At all relevant times, Defendant Andrea Shook ("Ms. Shook") was an employee of the District.

31. On information and belief, Defendants Lisa Shupe and John Doe Shupe are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

32. At all relevant times, Defendant Lisa Shupe ("Ms. Shupe") was an employee of the District.

33. On information and belief, Defendants Gerald Slemmer and Jane Doe Slemmer are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community

34. At all relevant times, Defendant Gerald Slemmer ("Mr. Slemmer") was an employee of the District.

35. On information and belief, Defendants Dalia Ellington Garcia Starks and John Doe Ellington Garcia Starks are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

36. At all relevant times, Defendant Dalia Ellington Garcia Starks ("Ms. Ellington") was an employee of the District.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

37.     On information and belief, Defendants Stephen Walker and Jane Doe Walker are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

38.     At all relevant times, Defendant Stephen Walker ("Mr. Walker") was an employee of the District.

39.     On information and belief, Defendants David Marks and Jane Doe Marks are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acting for and on behalf of the marital community.

40.     At all relevant times, Defendant David Marks ("Mr. Marks") was an employee of the District.

41.     On information and belief, Defendants JaNeal Hale and John Doe Hale are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

42.     At all relevant times, Defendant JaNeal Hale ("Ms. Hale") was an employee of the District.

43.     On information and belief, Defendants Karrie Flanigan and John Doe Flanigan are a married couple who, at all relevant times, were residents of Maricopa County, Arizona and acted for and on behalf of the marital community.

44.     At all relevant times, Defendant Karrie Flanigan ("Officer Flanigan") was a sworn police officer employed by Mesa PD and assigned as a school resource officer at Red Mountain High School.

45.     Defendants John Does 1-10; Jane Does 1-10; Black Corporations 1-10; and White Partnerships 1-10 are fictitious names designating individuals or entities not yet identified who ate liable for Plaintiff's damages as alleged herein. Plaintiff will move to substitute the names of these fictitious entities and persons upon identification.

46.     The damages in question exceed the statutory amount for all inferior courts.

47.     This Court has personal and subject matter jurisdiction over the parties and claims herein.

6

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

48.   Venue is proper as the specific acts giving rise to the causes of action alleged herein occurred in Maricopa County, Arizona.

## FACTUAL ALLEGATIONS

49.   Tiffany attended Red Mountain High School ("RMHS") within the District for her entire high school career, beginning in Fall 2011 and continuing until her graduation in Spring 2015.

50.   In Fall 2012, Tiffany was a Sophomore at RMHS.

51.   Tiffany was a talented and dedicated competitive dancer.

52.   While attending RMHS, Tiffany had dance class every school day from 2:00pm to 3:00pm.

53.   Tiffany also practiced with the Red Mountain Dance Force (the "Dance Force"), which was an extra-curricular dance company with the objective to promote dance awareness through on and off campus performances and service activities.

54.   On weekdays, Tiffany would rush to Campbell's Dance Studio in Mesa, Arizona and practice dance from 4:00pm to 9:30pm

55.   Tiffany regularly devoted approximately 37.5 hours strictly to dancing during the week, not including her recurring Saturday rehearsals.

56.   Tiffany performed in pre-game and half-time performances for the Phoenix Suns, danced on numerous opportunities for The Walt Disney Company, was awarded a scholarship to dance with Hollywood Dance Experience, and earned a national title at a competition in Atlantic City, New Jersey.

57.   Prior to meeting Mr. Grantham, Tiffany was well on her way to achieving her dream of becoming a professional dancer.

58.   Mr. Grantham was a teacher and coach at RMHS and graduate of RMHS.

### Mr. Grantham's Actions Prior to Meeting Tiffany

59.   Prior to Tiffany attending RMHS, Mr. Grantham had already been investigated by Mesa PD for acting inappropriately towards minors.

60.   In 2009, he was investigated for texting nude photographs to a student.

7

61.     Three different RMHS female students were interviewed by Mesa PD and provided information that Mr. Grantham was flirtatious with the student, sent lewd photographs to the student, and solicited nude photographs in return.

62.     Mr. Grantham was not terminated from the District as a result.

### Mr. Walker Acts Inappropriately Towards Tiffany and Introduces Her to Mr. Grantham

63.     Tiffany met Mr. Grantham during her Sophomore year through Mr. Walker, another former RMHS teacher and friend of Mr. Grantham.

64.     Mr. Walker began inviting Tiffany to his classroom ("Classroom 238"), which he shared with Mr. Grantham.

65.     Classroom 238 was arranged so there were two desks for teachers and while Mr. Grantham was teaching, Tiffany and Mr. Walker would sit at his desk and talk.

66.     Mr. Walker was supposed to be tutoring Tiffany during these meetings; however, they never discussed her Geometry class or any tutoring whatsoever.

67.     Instead of tutoring Tiffany, Mr. Walker discussed his personal life with her, including issues he had with his girlfriend and child.

68.     Mr. Walker and Tiffany had an arrangement—she would go to him during her lunch period or during a class she did not want to attend, and Mr. Walker would write her passes to excuse her from class.

69.     Tiffany started to feel uncomfortable with Mr. Walker and felt he was flirting with her.

70.     Tiffany did her best to "draw the line" and make it clear she was not interested in Mr. Walker in a romantic way.

71.     One day, Mr. Walker and Tiffany were looking at social media together and Tiffany discovered Mr. Grantham's Instagram account.

72.     This led to Tiffany discovering Mr. Grantham's Snapchat account, which had the same username as his Instagram account.

MILLS+WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

## Mr. Grantham Begins Grooming Tiffany

73. Tiffany invited Mr. Grantham to add her on Snapchat and he accepted.

74. After becoming friends on Snapchat, Mr. Grantham and Tiffany began to communicate using Snapchat. They later began regularly communicating through other social media applications such as Twitter and Kik.

75. Snapchat and Kik both delete messages and photographs once they are read.

76. Mr. Grantham and Tiffany continued regularly communicating via these varied social media applications until one day he dared her to come visit him at his house and sent her his home address.

77. Tiffany accepted the challenge and went to Mr. Grantham's house.

78. During the months following Mr. Grantham's dare, he started regularly inviting Tiffany to his house and she would regularly go.

79. Mr. Grantham used a variety of fake names on social media to ensure no one but Tiffany knew it was him.

80. Mr. Grantham's online aliases included "Eric Maxwell" and "Jeff Ree."

81. Nearly every day, Mr. Grantham kept track of Tiffany's activities and life, asking Tiffany what she was doing, what her plans were for the day, and if she was planning to come over to his house.

82. Mr. Grantham purchased a dog named Buddy that he presented to Tiffany as their dog together.

83. Mr. Grantham often used Buddy as an excuse for Tiffany to come over with messages such as "Buddy misses you" and "are you going to come over to play with Buddy?"

## Mr. Grantham Begins Having Sex With Tiffany When She is 15 Years Old

84. Mr. Grantham began having sexual intercourse with Tiffany when she was just 15 years old.

85. Due to her age, Tiffany could not consent to a sexual relationship with Mr. Grantham.

9

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

86.     Mr. Grantham also made attempts to divide Tiffany from her family so he could control her by telling Tiffany what to say to her parents and how to act around them.

87.     Mr. Grantham demanded all of Tiffany's time and as a result, 16-year-old Tiffany stopped dancing at a competitive level and dropped out of Campbell's Dance Studio.

88.     Due to his controlling and demanding behavior, Tiffany's dream of becoming a professional dancer and using her scholarship from Hollywood Dancing Experience were left behind.

89.     Mr. Grantham and Tiffany engaged in a sexual and romantic relationship from her Sophomore year at RMHS until well-after she graduated.

90.     She spent nearly all of her time at Mr. Grantham's house under the guise of watching Buddy.

91.     Tiffany was too young to understand that Mr. Grantham now controlled her entire life.

92.     Tiffany graduated from RMHS in May 2015.

93.     Tiffany turned 18 years old a few months after graduation.

94.     After she turned 18, Tiffany went public with her relationship with Grantham and stated via Twitter that her "life was a lie the past two years."

95.     Tiffany and Mr. Grantham's sexual and romantic relationship continued until she ended it in or around June 2019.

**Defendants Knew of and/or Suspected the Relationship and Did Nothing**

96.     A.R.S. § 13-3620 is the mandatory reporting law in Arizona. This statute requires any person, including police officers or school personnel, who reasonably believes that a minor is being groomed or sexually abused to report such abuse to law enforcement or the Department of Child Safety.

97.     Over the next few months, students and staff at RMHS noticed there was something going on between Tiffany and Mr. Grantham.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

98.    On information and belief, weekly faculty meetings were held on Wednesdays during the spring semester of 2013.

99.    On information and belief, all the District Defendants attended the weekly faculty meeting at least once when the rumors regarding Tiffany and Mr. Grantham were discussed.

100.   On information and belief, during these faculty meetings discussions were held by attendees of the faculty meeting about how to handle the rumors regarding Tiffany and Mr. Grantham.

101.   On information and belief, all the District Defendants participated in discussions on how to handle the rumors regarding Tiffany and Mr. Grantham.

102.   On information and belief, all the District Defendants explicitly or implicitly agreed to not report what they individually knew about the relationship to the proper authorities.

103.   Both Mr. Grantham and Tiffany denied they were in a relationship.

104.   Rumors continued to float around RMHS, but nothing was done to investigate further or prevent Mr. Grantham from preying on Tiffany.

105.   Due to the rumor mill at RMHS, numerous students asked Tiffany about her relationship with Mr. Grantham.

106.   During this time, Tiffany's father, Richard Franco ("Mr. Franco") was in regular contact with RMHS administrators, including Mr. Gowdy, Mr. Marks, and Ms. Hale.

107.   Despite knowing that there were rumors about an inappropriate relationship between Mr. Grantham and Tiffany, no teacher, administrator, counselor, or staff member at RMHS ever mentioned anything to Mr. Franco about it.

108.   More importantly, not a single teacher, administrator, counselor, or staff member at RMHS reported the possible relationship between Mr. Grantham and Tiffany, breaching their legal duty as mandatory reporters.

11

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

109. Due to the lack of reporting and investigating by the RMHS teachers, administrators, and staff members, Mr. Grantham's behavior with Tiffany rapidly escalated.

110. Ms. Dillavou, was the former secretary for Mr. Gowdy.

111. Ms. Dillavou knew of Tiffany's relationship with Mr. Grantham because during the spring semester of 2013, Tiffany confided in Ms. Dillavou and personally told her about her emotional and sexual relationship with Mr. Grantham while they were in Ms. Dillavou's workspace at RMHS.

112. Ms. Dillavou did not report what she knew to law enforcement or the Department of Child Safety as mandated by A.R.S. § 13-3620.

113. Mr. Enders was a teacher at RMHS.

114. Mr. Enders knew of the relationship between Tiffany and Mr. Grantham because in late 2013 or early 2014, Tiffany confided in Mr. Enders and personally told him about her emotional and sexual relationship with Mr. Grantham while they were at RMHS.

115. Mr. Enders did not report what he knew to law enforcement or the Department of Child Safety as mandated by A.R.S. § 13-3620.

116. Around the same time Tiffany told Mr. Enders about her relationship with Mr. Grantham, Mr. Enders also acted inappropriately towards Tiffany when he sent her a nude photograph of himself.

117. Mr. Fajardo was a security guard at RMHS.

118. Mr. Fajardo's job was to watch the gate for students entering and leaving the premises.

119. Mr. Fajardo had a flirtatious relationship with Tiffany and allowed her to enter school late on a number of occasions.

120. In return, Tiffany would bring Mr. Fajardo lunch or coffee.

121. Mr. Fajardo asked Tiffany out on numerous occasions, but she was never interested in him and instead confided in him regarding issues in her relationship with Mr. Grantham.

12

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

122.    Mr. Fajardo became a go-between who communicated with both Tiffany and Mr. Grantham about their relationship issues and got feedback from each of them to help in their relationship.

123.    Mr. Fajardo did not report what he knew to law enforcement or the Department of Child Safety as required by A.R.S. § 13-3620.

124.    On information and belief, Mr. Fajardo is now employed as a police officer for the Mesa Police Department.

125.    Mr. Gowdy was the Athletic Director at RMHS and the Eleventh Grade Principal.

126.    Mr. Gowdy was told by Ms. Guthrie that Tiffany confessed to a sexual relationship with Mr. Grantham, but failed to do anything to investigate or stop the relationship.

127.    Ms. Guthrie was a pom coach at RMHS.

128.    Tiffany and Ms. Guthrie were close and Ms. Guthrie came to realize the rumors surrounding Tiffany and Mr. Grantham were true.

129.    Tiffany confided in Ms. Guthrie at a basketball game at Mountain View High School (another school within the District) that she had and emotional and sexual relationship with Mr. Grantham.

130.    Ms. Guthrie immediately told Ms. Ellington and then told Mr. Gowdy.

131.    However, Ms. Guthrie did not report what she knew to law enforcement or Department of Child Safety as required by A.R.S. § 13-2620.

132.    Mr. Jones was a teacher at RMHS and distinctly told his class that it was okay that there was a student-teacher relationship and that no one at the school was doing anything about it.

133.    Mr. Jones did not report what he knew to law enforcement or the Department of Child Safety as required by A.R.S. § 13-2620.

134.    Mr. Pagel was a teacher at RMHS.

13

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

135. During her senior year, Tiffany confided in Mr. Pagel that she was in an emotional and sexual relationship with Mr. Grantham while outside of a children's fun center when he was either picking up or dropping off his children.

136. Mr. Pagel did not report what he knew to law enforcement or the Department of Child Safety as required by A.R.S. § 13-2620.

137. Mr. Ryan was the Principal at RMHS.

138. Mr. Ryan had numerous teachers, administrators, staff, and students under his watch who knew about the relationship between Tiffany and Mr. Grantham.

139. Mr. Ryan failed to create an environment where this information could be taken seriously and reported appropriately.

140. Ms. Shook was a teacher at RMHS.

141. During the 2013-14 school year, Tiffany had Algebra APS with Ms. Shook.

142. During this time, Mr. Grantham regularly made a point of checking on Tiffany in Ms. Shook's classroom.

143. Mr. Grantham would only come to Ms. Shook's classroom while Tiffany was there.

144. If Tiffany was not in Ms. Shook's classroom, Mr. Grantham would ask Ms. Shook why Tiffany was not in class.

145. Ms. Shupe was an elementary school teacher with the District.

146. Ms. Shupe was told by her daughter, Katrina, of the relationship between Tiffany and Mr. Grantham.

147. Katrina had knowledge of the emotional and sexual relationship between Tiffany and Mr. Grantham because she had gone out with Tiffany and Mr. Grantham together on multiple occasions.

148. Ms. Shupe did not report was she knew to law enforcement or the Department of Child Safety as required by A.R.S. § 13-3620.

149. Mr. Slemmer was a Principal at RMHS.

14

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

150.  Mr. Slemmer had numerous teachers, administrators, staff, and students under his watch who knew about the relationship between Tiffany and Mr. Grantham.

151.  Mr. Slemmer failed to create an environment where this information could be taken seriously and reported appropriately.

152.  Ms. Ellington was the head cheer coach at RMHS.

153.  Ms. Ellington was told by Ms. Guthrie that Tiffany had confided in her and confirmed the rumors around the school that Tiffany and Mr. Grantham had an emotional and sexual relationship.

154.  Ms. Ellington did not report what she knew to law enforcement or the Department of Child Safety as required by A.R.S. §13-3620.

155.  Mr. Walker was a teacher at RMHS and for a period of time shared a classroom with Mr. Grantham. Mr. Walker and Mr. Grantham were social friends as well.

156.  Mr. Walker went to Mr. Grantham's house on multiple occasions while Tiffany was also there.

157.  On one occasion, Walker even joked to Tiffany that he knew she and Mr. Grantham must be "official" because he saw some of her personal belongings at Mr. Grantham's house.

158.  Mr. Walker did not report what he knew to law enforcement or the Department of Child Safety as required by A.R.S. § 13-3620.

159.  Officer Flanigan was the School Resource Officer at RMHS and a police officer for Mesa PD.

160.  Officer Flanigan heard the rumors that Tiffany and Mr. Grantham had an emotional and sexual relationship and decided to investigate for herself.

161.  One day Officer Flanigan followed Tiffany in her Mesa PD issued police car car as she drove away from the school and to Mr. Grantham's house.

162.  Officer Flanigan saw Tiffany pull into Mr. Grantham's garage and waited for her to leave.

15

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

163. When Tiffany returned to RMHS, Officer Flanigan confronted Tiffany by saying "I know what's going on and it needs to stop."

164. Despite being a sworn law enforcement officer who is charged with knowing the sexual abuse and mandatory reporting laws in Arizona, Officer Flanigan did not report what she knew to law enforcement or the Department of Child Safety as required by A.R.S. § 13-3620.

165. Interestingly, Officer Flanigan did not talk to school administrators or Tiffany's parents about what she heard, why she investigated, and what she learned.

166. Most importantly, Officer Flanigan did not talk to Mr. Grantham about the rumors of a relationship between he and Tiffany and why an underaged student was inside his house during school hours.

167. Officer Flanigan apparently felt that, despite her training, it was sufficient to simply tell Tiffany to "stop" her relationship with Mr. Grantham.

168. Defendants were all statutorily and ethically charged to protect students such as Tiffany.

169. All of the named Defendants had a chance to put a stop to Mr. Grantham's abuse of Tiffany or at least could have reported it to someone who could.

170. Each of the named Defendants were mandatory reporters under Arizona law and each worked under the supervision of the District and/or Mesa PD during the relationship between Tiffany and Mr. Grantham.

## Too Little, Too Late

171. When Tiffany was 18 years old, her father approached a friend at church who was a law enforcement officer.

172. Mr. Franco told his friend that he had suspicions about Tiffany being sexually involved with her former teacher, Mr. Grantham.

173. Mr. Franco told his friend that he had confronted Tiffany with his suspicions and she admitted to having a sexual relationship with Mr. Grantham that began before she was 18 years old.

16

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

174. Mr. Franco's friend told Mr. Franco that as a law enforcement officer, he was mandated by law to report the allegations to the appropriate law enforcement agency.

175. Mr. Franco's friend filed a report with Mesa PD on July 6, 2016.

176. On or around November 10, 2016, Mr. Franco received a letter from Thomas Pickrell, General Counsel for the District.

177. In that letter, Mr. Pickrell acknowledged wrongdoing by Mr. Grantham by stating that Mesa PD "found sufficient evidence to charge Mr. Grantham with one count of sexual conduct with a minor…"

178. Mr. Pickrell also stated that the "District concluded that Mr. Grantham engaged in conduct that violated established professional boundaries between a student and a teacher … [h]is actions violated District policies and State laws."

179. Of course, Mr. Pickrell's letter came over a year after Tiffany graduated from RMHS and while she was still in a relationship with her abuser.

180. Mr. Grantham was never prosecuted for his sexual abuse.

**Due to Defendants' Acts and Omissions, Tiffany's Life Was Shattered**

181. Prior to her relationship with Mr. Grantham, Tiffany had a clear picture of what she wanted to do with her life.

182. Her plans of becoming a professional dancer were within reach due to her dedication and talent.

183. For now, Tiffany has made the tough decision to forego further education because of her distrust of the education system.

184. Tiffany's distrust of the education system is a result of her abuse at the hand of Mr. Grantham and the conspiracy of Defendants to cover up Mr. Grantham's bad acts.

185. Tiffany has seen a therapist on multiple occasions due to the abuse she suffered at the hands of Mr. Grantham.

186. Tiffany has severely stunted emotional and mental development due to Mr. Grantham's abuse.

17

187. Due to Mr. Grantham forcing Tiffany to hide their relationship from her family, a lack of trust formed between Tiffany and her family.

188. Since ending the relationship with Mr. Grantham, Tiffany has been unable to have any healthy romantic relationships, sexual or otherwise.

## COUNT I – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

### (Against Mesa Public Schools)

189. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

190. At all relevant times, the District was acting under color of state law in their actions and inactions.

191. Tiffany had a protected liberty interest in freedom from sexual advances, abuse, and harassment sponsored and created by the District while she attended school at RMHS.

192. Tiffany has a constitutional right to be free from teacher sexual abuse and harassment, as an aspect of the constitutional right to bodily security.

193. The District has a constitutional duty to affirmatively protect students from known or suspected sexual abuse by reason of their special relationship to students and the District's failure to meet that duty constitutes a deprivation of the student's constitutional right to bodily security.

194. The District adopted, promulgated, and approved written and unwritten policies, procedures, and customs that violated the Fourteenth Amendment to the United States Constitution because said policies, procedures, and customs were deliberately indifferent to Tiffany's rights.

195. For example, Tiffany and Mr. Grantham were approached by numerous administrators, teachers, and staff members of the District regarding allegations of their inappropriate and sexual relationship, but no investigation was launched by the District or its employees.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

18

196. The District's failure to investigate the allegations and failure to prevent Tiffany from sexual abuse at the hands of the District's employees demonstrates deliberate indifference to Tiffany's civil rights.

197. By adopting, promulgating, and approving such policies, procedures, and customs, the District was objectively unreasonable and undertook actions with willful, reckless, and malicious indifference to the rights of Tiffany.

198. Further, the Districts actions and inactions took no regard to the likelihood that harm would and did result and that unnecessary financial damages and pain and suffering would be inflicted on Tiffany.

199. Because the District created this danger, it had a corresponding duty to protect Tiffany from harm, including from deprivation of her protected liberty interests in freedom from the unreasonable and abusive actions of the District and its employees.

200. The District failed to protect Tiffany from the deprivations of her constitutionally protected rights as discussed herein.

201. Pursuant to 42 U.S.C. § 1988 and other applicable law, Tiffany is entitled to an award of attorneys' fees and costs.

202. Pursuant to 42. U.S.C. § 1983, Tiffany is entitled to punitive damages due to Defendants' reckless and callously-indifferent conduct to Tiffany's civil rights.

**COUNT II – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983**

*(Against Defendants Grantham, Dillavou, Enders, Fajardo, Gowdy, Guthrie, Jones, Pagel, Ryan, Shook, Shupe, Slemmer, Ellington, Walker, Marks, Hale, and Flanigan)*

203. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

204. At all relevant times, Defendants Grantham, Dillavou, Enders, Fajardo, Gowdy, Guthrie, Jones, Pagel, Ryan, Shook, Shupe, Slemmer, Ellington, Walker, Marks, Hale, and Flanigan (the "Individual Defendants") were acting under color of state law in their actions and inactions.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

19

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

205. Tiffany had a protected liberty interest in freedom from sexual advances, abuse, and harassment sponsored and created by the Individual Defendants while she attended school at RMHS.

206. Tiffany has a constitutional right to be free from teacher sexual abuse and harassment, as an aspect of the constitutional right to bodily security.

207. The Individual Defendants have a constitutional duty to affirmatively protect students from sexual abuse by reason of their special relationship to students and the Individual Defendants' failure to meet that duty constitutes a deprivation of the student's constitutional right to bodily security.

208. Mr. Grantham had sex with Tiffany on numerous occasions when she was minor.

209. Mr. Enders sent Tiffany a nude photograph of himself and asked for photographs of her in return.

210. Mr. Walker and Mr. Fajardo both acted inappropriately towards Tiffany by making sexual and/or flirtatious advances towards her. Both men also had arrangements with Tiffany to get her out of class or to allow her to arrive late to school without consequences.

211. Tiffany did not turn 18 until after she graduated from RMHS in May 2015.

212. School administrators, including Mr. Gowdy, Mr. Marks, and Ms. Hale specifically asked Tiffany and/or Mr. Grantham if they were in a relationship, but did nothing to formally investigate or otherwise stop Mr. Grantham's abuse of Tiffany.

213. Ms. Dillavou, Mr. Enders, Mr. Fajardo, Ms. Guthrie, Ms. Pagel were all *specifically told by Tiffany* that she was in a relationship with Mr. Grantham.

214. Mr. Gowdy and Ms. Ellington were both by Ms. Guthrie that Tiffany and Mr. Grantham were engaged in an inappropriate relationship.

215. Mr. Jones announced to his classroom that there was a student-teacher relationship occurring at RMHS and that it was okay that nothing was being done about it.

20

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

216. Mr. Ryan and Mr. Slemmer were both principals at RMHS and despite the rampant rumors at RMHS regarding Tiffany and Mr. Grantham, did nothing to stop it.

217. Ms. Shook saw Mr. Grantham come to her classroom to check on Tiffany on numerous occasions.

218. Ms. Shupe was told by her daughter, Tiffany's friend, that Tiffany and Mr. Grantham were in a sexual relationship.

219. Officer Flanigan was an eyewitness to Tiffany leaving RMHS and heading directly to Mr. Grantham's house, and parking in his garage.

220. Despite the fact that all of the Individual Defendants knew or should have known that Tiffany was in a relationship with Mr. Grantham and the fact that they were all legally mandated reports, *none* of the Individual Defendants called law enforcement or the Department of Child Safety.

221. Further, none of the Individual Defendants did anything to stop Mr. Grantham's systematic abuse of Tiffany.

222. Because the Individual Defendants created this danger, they had a corresponding duty to protect Tiffany from harm, including from deprivation of her protected liberty interests in freedom from the unreasonable and abusive actions of the Individual Defendants.

223. The Individual Defendants failed to protect Tiffany from the deprivations of her constitutionally protected rights as discussed herein.

224. Pursuant to 42 U.S.C. § 1988 and other applicable law, Tiffany is entitled to an award of attorneys' fees and costs.

225. Pursuant to 42 U.S.C. § 1983, Tiffany is entitled to punitive damages due to Defendants' reckless and callously indifferent conduct to Tiffany's civil rights.

**COUNT III – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER TITLE IX**
**20 U.S.C. § 1681,** *et.seq.*

*(Against Mesa Public Schools and the Individual Defendants)*

226. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

21

227. At all relevant times, Mesa Public Schools and the Individual Defendants (the "District Defendants") were acting under color of state law in their actions and inactions.

228. The District Defendants operate an educational program receiving federal financial assistance and therefore are, and were at all relevant times, subject to the requirements of 20 U.S.C. 1681(a) ("Title IX").

229. The District Defendants' acts and omissions as described herein with respect to sexual harassment and abuse of Tiffany deprived her of the full benefits of that educational program and/or otherwise subject Tiffany to discrimination under that program, on the basis of sex, in violation of Title IX.

230. The District Defendants had actual notice of the acts and omissions as described herein with respect to the sexual harassment and abuse of Tiffany.

231. The District Defendants acted with deliberate indifference to known acts of sexual harassment and abuse against Tiffany in connection to the District's programs or activities.

232. The District Defendants were in a position to appropriately address and stop the sexual harassment and abuse against Tiffany, and therefore may be held liable for damages under Title IX, including punitive damages, attorneys' fees and costs, and compensatory damages in an amount to be proven at trial..

## COUNT IV – NEGLIGENT FAILURE TO PROTECT
### (Against Mesa Public Schools and Mesa Police Department)

233. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

234. The District and Mesa PD are responsible via *respondeat superior* for the torts of their employees committed during the course of their employment.

235. The District and Mesa PD had a reasonable duty to exercise reasonable care to control their employees and to prevent them from intentionally harming others or from conducting themselves to create an unreasonable risk of bodily harm to others.

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

236. The District had a duty to protect its students, including Tiffany, from reasonably foreseeable harm.

237. Mesa PD had a duty to protect Tiffany from reasonably foreseeable harm.

238. The District and Mesa PD breached their duties to exercise reasonable care to control their employees and protect Tiffany from reasonably foreseeable harm.

239. As a direct, foreseeable, and proximate result of the District and Mesa PD's actions and inactions, Tiffany has suffered physical harm, humiliation, pain and suffering, emotional distress, mental anguish, and other damages and injuries alleged herein in amounts to be proven at trial.

## COUNT V – NEGLIGENCE / GROSS NEGLIGENCE

### (*Against All Defendants*)

240. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

241. At all relevant times, each and every Defendant had an individual and collective duty to exercise ordinary care for the safety and well-being of Tiffany.

242. Defendants have a statutory and common law duty to assure the safety and wellbeing of persons in their care and custody.

243. There was a special relationship between Tiffany and the administrators, teachers, and staff members of the District because she was a student and minor in their care.

244. There was a special relationship between Tiffany and Officer Flanigan because she was a student and minor in her care and because Officer Flanigan is a police officer sworn to uphold the laws of the State of Arizona, including without limitation A.R.S. §§ 13-3620, 13-1405.

245. Defendants' duties to Tiffany were heightened as Defendants were charged with the protection and education of Tiffany.

246. Defendants were, at all relevant times, acting within the course and scope of their employment.

23

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

247. The District and Mesa PD are vicariously liable for the tortious acts and omissions of their employees and agents.

248. A reasonable person under the same circumstances would have known or suspected that an inappropriate relationship existed between Tiffany and Mr. Grantham and would have followed the proper channels to report and stop the abuse of Tiffany.

249. Defendants systematically and repeatedly breached their duties to Tiffany as set forth by their acts and omissions detailed herein.

250. As a direct and proximate result of Defendants' breaches, Tiffany suffered harm and sustained damages.

251. Defendants' acts and failures to act as set forth above also demonstrate gross and wanton negligence in that each of the Defendants knew or should have known that their acts, individual and collectively, created an unreasonable risk of harm to Tiffany and a high probability that substantial harm would result.

## COUNT VI – NEGLIGENCE *PER SE*
### (*Against All Defendants*)

252. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

253. A.R.S. § 13-3620 requires school personnel and peace officers who develop a reasonable belief that a minor is or has been the victim of abuse to report the suspected abuse to a peace officer.

254. Defendants knew or should have known that Mr. Grantham was abusing or might abuse Tiffany by grooming her for sexual abuse and/or by sexually abusing her based on the facts alleged herein.

255. School administrators, including Mr. Gowdy, Mr. Marks, and Ms. Hale specifically asked Tiffany and/or Mr. Grantham if they were in a relationship, but did not report the abuse to a peace officer as required by A.R.S. § 13-3620.

24

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

256. Ms. Dillavou, Mr. Enders, Mr. Fajardo, Ms. Guthrie, Ms. Pagel were all *specifically told by Tiffany* that she was in a relationship with Mr. Grantham, but did not report the abuse to a peace officer as required by A.R.S. § 13-3620.

257. Mr. Gowdy and Ms. Ellington were both by Ms. Guthrie that Tiffany and Mr. Grantham were engaged in an inappropriate relationship, but did not report the abuse to a peace officer as required by A.R.S. § 13-3620.

258. Mr. Jones announced to his classroom that there was a student-teacher relationship occurring at RMHS and that it was okay that nothing was being done about it, but did not report the abuse to a peace officer as required by A.R.S. § 13-3620.

259. Mr. Ryan and Mr. Slemmer were both principals at RMHS and despite the rampant rumors at RMHS regarding Tiffany and Mr. Grantham, but did not report the abuse to a peace officer as required by A.R.S. § 13-3620.

260. Ms. Shook saw Mr. Grantham come to her classroom to check on Tiffany on numerous occasions, but did not report the potential abuse to a peace officer as required by A.R.S. § 13-3620.

261. Ms. Shupe was told by her daughter, Tiffany's friend, that Tiffany and Mr. Grantham were in a sexual relationship, but did not report the abuse to a peace officer as required by A.R.S. § 13-3620.

262. Officer Flanigan was an eyewitness to Tiffany leaving RMHS and heading directly to Mr. Grantham's house, and parking in his garage, but did not report the abuse to another peace officer or file a report as required by A.R.S. § 13-3620.

263. Despite the fact that all of the Defendants knew or should have known that Tiffany was in a relationship with Mr. Grantham and the fact that they were all legally mandated reports, *none* of the Defendants reported the abuse to a peace officer as required by A.R.S. § 13-3620.

264. Defendants' failure to report Mr. Grantham's abuse or suspected abuse of Tiffany was negligent *per se* because Defendants acts and omissions were in violation of a

25

statute enacted for the protection and safety of the public and vulnerable individuals such as Tiffany.

265.     Mr. Grantham was aided in the accomplishment of his tortious and criminal acts by the existence of his agency and/or employment relationship with the District.

266.     As a direct and proximate result of the acts and omissions of the Defendants, Tiffany suffered serious injuries, including physical pain and discomfort, mental and emotional distress, anxiety, loss of enjoyment of life, humiliation, medical bills, and other damages and will continue suffering similar damages.

## COUNT VII – NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION

### (Against Mesa Public Schools, Mr. Gowdy, Mr. Ryan, and Mr. Slemmer)

267.     Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

268.     Mr. Gowdy was a supervisor of Mr. Grantham.

269.     Mr. Ryan was a supervisor of Mr. Grantham.

270.     Mr. Slemmer was a supervisor of Mr. Grantham.

271.     The District is responsible via *respondeat superior* for torts committed by its employees during the course of their employment.

272.     The District and its administrators, employees, and agents owed a duty of reasonable care and competence to all of its students, including Tiffany, to prevent injury or harm including reasonable care related to the hiring, training, supervision, and monitoring of its teachers, administrators, agents, or employees to prevent, among other things, its teachers from using their position of power and influence to coerce children into inappropriate relationships.

273.     The District and its administrators, employees, and agents both individually and through the acts and/or omissions of their agents and employees, breached the duties they owed to Tiffany by repeated failing to take reasonable steps to train, supervise, monitor, investigate, or remove Mr. Grantham from the classroom after learning of his inappropriate relationship with Tiffany.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

MILLS+WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

274. The District, Mr. Slemmer, Mr. Ryan, and Mr. Gowdy knew or should have known that in 2009, Mr. Grantham was investigated for sending nude photographs to a student and, despite at least three witnesses, was not criminally charged because the student no longer possessed the nude photograph.

275. The District was negligent by not terminating Mr. Grantham's employment after the 2009 nude text message scandal.

276. Mr. Slemmer, Mr. Ryan, and Mr. Gowdy knew there were serious rumors spreading around RMHS regarding Mr. Grantham's sexual relationship with Tiffany, a minor child and student.

277. On information and belief, Mr. Slemmer, Mr. Ryan, and Mr. Gowdy attended faculty meetings where discussions were held regarding how to handle the rumors.

278. Neither Mr. Slemmer, Mr. Gowdy, nor Mr. Ryan disciplined or counseled Mr. Gratham regarding his inappropriate relationship with Tiffany.

279. Neither Mr. Slemmer, Mr. Gowdy, nor Mr. Ryan reported Mr. Grantham's actions to human resources.

280. Neither Mr. Slemmer, Mr. Gowdy, nor Mr. Ryan followed A.R.S. § 13-3620 and reported Mr. Grantham's actions to law enforcement or the Department of Child Services, despite all being mandatory-reporters.

281. School officials who have a realistic opportunity to prevent a fellow official from violating a student's Constitutional rights have a duty to intervene to protect the victim from the unconstitutional retaliation, use of force or violation of due process of law.

282. As set forth herein, at no time did any of the Defendants make any affirmative steps to prevent Mr. Grantham from his continued abuse of Tiffany.

283. Due to the District, Mr. Slemmer, Mr. Growdy, and Mr. Ryan failing to take such affirmative steps, Mr. Grantham remained in a position where he could sexually abuse Tiffany, causing severe emotional harm.

284. The District and its administrators, employees, and agents had a duty to Tiffany to properly supervise its employees or agents that hold the power, authority, insignia, and equipment entrusted to them.

285. As alleged herein, Mr. Grantham was investigated for sending a nude photograph to a female student at RMHS in 2009.

286. As alleged herein, every single named Defendant knew or should have known of Mr. Grantham's inappropriate relationship with Tiffany.

287. As alleged herein, at no time did any of the Defendants make any affirmative step to protect Tiffany's Constitutional rights until 2016, over a year after she had graduated from RMHS.

288. As a direct and proximate result of the District's, Mr. Gowdy's, Mr. Ryan's, and Mr. Slemmer's breaches, Tiffany suffered damages in an amount to be proven at trial.

## COUNT VIII - CIVIL CONSPIRACY
### (Against All District Defendants)

289. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

290. In Arizona, a civil conspiracy requires alleged conspirators to have agreed to commit an underlying tort.

291. On information and belief, Mr. Grantham attended a weekly faculty meeting held on Wednesdays.

292. On information and belief, all the District Defendants attended the weekly faculty meeting at least once when the rumors regarding Tiffany and Mr. Grantham were discussed.

293. On information and belief, during the spring semester of 2013, Tiffany's junior year, discussions were held by attendees of the faculty meeting about how to handle the rumors regarding Tiffany and Mr. Grantham.

294. On information and belief, all the District Defendants participated in discussions on how to handle the rumors regarding Tiffany and Mr. Grantham.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

28

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

295. On information and belief, all the District Defendants explicitly or implicitly agreed to not report what they individually knew about the relationship to the proper authorities.

296. The acts alleged herein constitute a civil conspiracy in that two or more of the District Defendants knew of the inappropriate relationship and failed to protect Tiffany and agreed not to report the abuse to the proper authorities—the underlying torts being negligent failure to protect and negligence *per se*.

297. As a direct and proximate result of the District Defendants' civil conspiracy, Tiffany suffered damages in an amount to be proven at trial.

## COUNT IX – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1985, *et seq.*

### (*Against All Defendants*)

298. Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

299. At all relevant times, Defendants were acting under color of state law in their actions and inactions.

300. 42 U.S.C. § 1985(3) provides, in pertinent part:

> If two or more persons in any State ... conspire ... for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of the equal privileges and immunities under the law; ... in any case of conspiracy set forth in this section, if one or more persons engage therein due, or cause to be done, any act and furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising and rights or privilege of a citizen of the United States, the party so injured or deprived may have an action for recovery of the damages occasioned by such injury or deprivation, against one or more of the conspirators.

301. Two or more of the Defendants conspired for the purpose of depriving, directly or indirectly, Tiffany of her rights under both the United States Constitution and the Arizona Constitution.

302. On information and belief, Mr. Grantham attended a weekly faculty meeting held on Wednesdays.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

303.     On information and belief, all the District Defendants attended the weekly faculty meeting at least once when the rumors regarding Tiffany and Mr. Grantham were discussed.

304.     On information and belief, during the spring semester of 2013, Tiffany's junior year, discussions were held by attendees of the faculty meeting about how to handle the rumors regarding Tiffany and Mr. Grantham.

305.     On information and belief, all the District Defendants participated in discussions on how to handle the rumors regarding Tiffany and Mr. Grantham.

306.     On information and belief, all the District Defendants explicitly or implicitly agreed to not report what they individually knew about the relationship to the proper authorities.

307.     As a direct and proximate result of the Defendants' conspiracy, Tiffany suffered damages in an amount to be proven at trial.

308.     Pursuant to 42 U.S.C. §1988 and other applicable law, Tiffany is entitled to an award of incurred attorneys' fees and costs.

## COUNT X – VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 (SUPERVISORY DEFENDANTS – *MONELL* CLAIM)

*(Against Mesa Public Schools, Mr. Gowdy, Mr. Slemmer, and Mr. Ryan )*

309.     Plaintiff restates and realleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

310.     At all relevant times, Defendants Mesa Public Schools, Mr. Gowdy, Mr. Slemmer, and Mr. Ryan (the "Supervisory Defendants") were in a supervisory position.

311.     At all relevant times, all Defendants were acting under color of state law.

312.     The acts and omissions alleged herein, specifically Defendants' systematic failure to report the sexual relationship between Tiffany and Mr. Grantham, deprived Tiffany of her rights under the Fourteenth Amendment to the Constitution of the United States.

313.     The Supervisory Defendants knew, or reasonably should have known, that Mr. Grantham was engaged in an inappropriate relationship with a minor student.

314. The Supervisory Defendants knew, or reasonably should have known, that Mr. Grantham's actions were a violation of Tiffany's Fourteenth Amendment constitutional rights.

315. The Supervisory Defendants deprived Tiffany of her constitutional rights by:

    a. Implementing, maintaining and tolerating policies, practices and customs which contributed to the illegal actions of Mr. Grantham, as summarized above;

    b. Hiring Mr. Grantham without reasonably investigating or adequately determining his propensity for the type of improper conduct which he committed against Tiffany, as summarized above;

    c. Failing to adequately train or supervise Mr. Grantham, which contributed to his actions summarized above;

    d. Failing to adequately discipline, demote or terminate Mr. Grantham for any improper conduct prior to his relationship with Tiffany, which contributed to his inappropriate actions summarized above.

316. As a direct and proximate result of the acts and omissions of the Supervisory Defendants, Tiffany's Fourteenth Amendment rights were violated when Mr. Grantham began a several-year sexual and emotion relationship with Tiffany, which caused Tiffany to suffer serious damages, including physical pain and discomfort, mental and emotional distress, anxiety, loss of enjoyment of life, humiliation, medical bills, and other damages and will continue suffering similar damages, all in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tiffany Franco requests that judgment be entered in her favor and against Defendants as follows:

A.    For judgment on all Counts in favor of Plaintiff;

B.    For compensatory damages in an amount to be proven at trial;

C.    For Plaintiff's reasonable attorneys' fees pursuant to Title IX and 42 U.S.C. § 1988 and any other applicable law;

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

D. For pre-judgment and post-judgment interest to the extent permitted by law;

E. For punitive damages in an amount sufficient to punish Defendants and to deter such conduct in the future; and

F. For such other and further relief as is just, proper, and/or equitable under the facts and circumstances of this case.

**RESPECTFULLY SUBMITTED** this 19th day of May 2020.

MILLS + WOODS LAW, PLLC

By_____/s/Sean A. Woods_____
Robert T. Mills
Sean A. Woods
Scott Griffiths
Elisabeth Small
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

1 | **ORIGINAL** Filed on this 19th day of
2 | May 2020, with the Clerk of the
   | Maricopa County Superior Court.
3 |
4 | /s/Elisabeth A. Small
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Mills + Woods Law, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
Scott Griffiths (Arizona Bar #028906)
Elisabeth Small (Arizona Bar #035830)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| TIFFANY FRANCO, an individual, | Case No.: **CV2020-005955** |
| Plaintiff, | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| vs. | |
| MESA PUBLIC SCHOOLS, a governmental entity; MESA POLICE DEPARTMENT, a governmental entity; ALAN GRANTHAM and JANE DOE GRANTHAM, a married couple; COURTNEY DILLAVOU and JOHN DOE DILLAVOU, a married couple; KYLE ENDERS and JANE DOE ENDERS, a married couple; JASON FAJARDO and JANE DOE FAJARDO, a married couple; JAMES GOWDY and JANE DOE GOWDY, a married couple; LINDSAY GUTHRIE and JOHN DOE GUTHRIE, a married couple; JEREMY JONES and JANE DOE JONES, a married couple; ROSS PAGEL and JANE DOE PAGEL, a married couple; JARED RYAN and JANE DOE RYAN, a married couple; ANDREA SHOOK and JOHN DOE SHOOK, a married couple; LISA SHUPE and JOHN DOE SHUPE, a married couple; GERALD SLEMMER and JANE DOE SLEMMER, a married couple; DALIA ELLINGTON GARCIA STARKS and | |

SUPERIOR COURT
FILED
J. POMP. DEP

2020 MAY 19 PM 2: 15

JOHN DOE ELLINGTON GARCIA STARKS, a married couple; STEPHEN WALKER and JANE DOE WALKER, a married couple; DAVID MARKS and JANE DOE MARKS, a married couple; JANEAL HALE and JOHN DOE HALE, a married couple; KARRIE FLANIGAN and JOHN DOE FLANIGAN, a married couple; JOHN DOES 1-10; JANE DOES 1-10; BLACK CORPORATIONS 1-10; WHITE PARTNERSHIPS 1-10

Defendants.

Pursuant to Ariz. R. Civ. P. 72, the undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for Maricopa County Superior Court, and further certifies that this case is not subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this 19th day of May 2020.

MILLS + WOODS LAW, PLLC

By      /s/Sean A. Woods
Robert T. Mills
Sean A. Woods
Scott Griffiths
Elisabeth Small
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

**ORIGINAL** Filed on this 19th day of
May 2020, with the Clerk of the
Maricopa County Superior Court.


_____/s/Elisabeth A. Small_____

MILLS+WOODS LAW, PLLC
5055 North 12th Street, Ste 101
Phoenix, AZ 85014
Telephone: 480.999.4556

3