```
Duncan J. Stoutner (#020699)
Alexander J. Lindvall (#034745)
CITY OF MESA ATTORNEY'S OFFICE
MS-1077
P.O. Box 1466
Mesa, Arizona 85211
Telephone: (480) 644-2343
mesacityattorney@mesaaz.gov
```

Attorneys for Defendant Mesa Police Department

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| Tiffany Franco, | No. CV-20-01129-PHX-DJH |
|---|---|
| Plaintiff, | **DEFENDANT MESA POLICE DEPARTMENT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |
| v. | |
| Mesa Public Schools, et al., | (Honorable Diane J. Humetewa) |
| Defendants. | |

Plaintiff's federal claims are time-barred. The Ninth Circuit's decision in *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579-80 (9th Cir. 2012), puts this issue beyond debate. "…§ 1983 does not incorporate the policy considerations that underlie specific torts and their statutes of limitations…" *Id*. at 580. "…[T]he district court appropriately borrowed Oregon's residual two-year statute of limitations for personal injury actions…." *Id*. Plaintiff argues that this Court should apply Arizona's child-abuse-specific statute of limitations rather than its residual, personal-injury statute of limitations. Both the Supreme Court and the Ninth Circuit, however, have explicitly told the lower courts not to do this.

Plaintiff's state-law claims are also time-barred under A.R.S. §§ 12-821 and 12-821.01 because Plaintiff failed to timely pursue her state-law claims against the City. Plaintiff argued that uncodified legislative history and text associated with A.R.S. § 12-514 supports a revival of her time-barred claims. However, the legislative history shows that A.R.S. § 12-514 is

inapplicable to the City. The legislative history indicates that allegations of sexual abuse may be brought against only two groups of people: (1) the "perpetrator" of the abuse; and (2) "a person who was not the perpetrator" if the perpetrator was the person's "employee," "volunteer," "representative," or "agent," and if the person had "actual notice" of the perpetrator's misconduct. The City of Mesa does not fall into either of these categories. Given these limitations, Plaintiff's time-barred claims cannot be revived against the City of Mesa.[1]

### A. PLAINTIFF'S FEDERAL CLAIMS ARE TIME-BARRED.

Plaintiff made three arguments in an attempt to save her time-barred federal claims: (1) A.R.S. § 12-514 should be treated like a "tolling" statute, thereby giving Plaintiff an extra ten years to file her federal claims; (2) under the "continuing tort doctrine," Plaintiff's claims did not ripen until June 2018; and (3) this Court should apply "equitable tolling" to avoid the applicable statute of limitations. The available caselaw forecloses all of Plaintiff's arguments.

#### 1. A State's Child-Abuse-Specific Statute of Limitation Does Not Apply to Federal Claims.

In *Bonneau*, the Ninth Circuit expressly rejected the argument that an abuse-specific statute of limitations should be treated as a "tolling" provision for federal claims. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012); *accord Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212–13 (10th Cir. 2014) (adopting *Bonneau*'s reasoning and holding that New Mexico's child-abuse-specific statute of limitations does not apply to § 1983 claims and that it should not be treated as a "tolling" provision); *Woods v. Ill. Dept. of Children and Family Services*, 710 F.3d 762, 766, 768–69 (7th Cir. 2013) (citing *Bonneau* to conclude that Illinois's child-abuse-specific statute of limitations does not apply to § 1983 claims and that it should not be treated as a "tolling" provision).

---

[1] As mentioned in the defense's motion to dismiss, the defense refers to the Mesa Police Department as "the City of Mesa" for the purpose of this motion.

In *Bonneau*, the plaintiff "argue[d] that the [child abuse] statute should be treated as a tolling provision," thereby giving him up until his 40th birthday to file his federal claims. *Bonneau,* 666 F.3d at 580. The Ninth Circuit rejected this argument. *Id.* "It would no less frustrate 'the federal interest in uniformity and the interest in having firmly defined, easily applied rules' were we to obediently apply the residual statute of limitations, only to then adopt a tort-specific tolling provision," the *Bonneau* Court reasoned. *Id.* (quoting *Wilson v. Garcia*, 471 U.S. 261, 270 (1985)). "Such a holding 'would succeed only in transferring the…confusion over the choice among multiple [statutes of limitations] to a choice among multiple [tolling] provisions.'" *Id.* (quoting *Owens v. Okure*, 488 U.S. 235, 244 (1989)). As such, the *Bonneau* Court refused to treat the forum state's child-abuse-specific statute of limitations as a tolling provision for the state's general, two-year statute of limitations, and instead opted for the "clarity" and "certainty" the Supreme Court had sought to create in *Wilson* and *Owens*. *Id.* (citing *Owens*, 488 U.S. at 240).

Here, Plaintiff made the same arguments the Ninth Circuit rejected in *Bonneau*. The plaintiff in *Bonneau* argued he had until his 40th birthday to file his § 1983 claims because of his state's new child-abuse-specific statute of limitations. *Id*. In this case, Plaintiff argued that she should have until her 30th birthday to file her federal claims because of A.R.S. § 12-514. [Pl. Response (Doc. 11) at 5–6.] Just as in *Bonneau*, Plaintiff's argument fails.

Plaintiff attempted to distinguish *Bonneau*, arguing that the facts of the case at hand are "completely dissimilar" to *Bonneau*. [Pl. Response (Doc. 11) at 5.] But the only distinction Plaintiff makes is that *Bonneau* regarded "physical" abuse rather than "sexual" abuse. [*Id.*] This distinction is irrelevant to the issues at hand. *Bonneau* precludes courts from applying a state's abuse-specific statute of limitations to federal claims. *Bonneau*, 666 F.3d at 580.

Plaintiff had until her 20th birthday to timely file her federal claims. Because she failed to do so, her federal claims are time-barred. Identifying the applicable statute of limitations in a §

1983 case should be "an uncomplicated task for judges, lawyers, and litigants," and focusing on "special statutes of limitations for child abuse victims" creates unnecessary "confusion" and "uncertainty." *Bonneau*, 666 F.3d at 579–80 (citing *Wilson*, 471 U.S. at 275, and *Owens*, 488 U.S. at 244). In fact, the *Owens* Court specifically mentioned child-abuse-specific statutes as the sort of statutes the courts should *not* apply in § 1983 cases. *Id.* at 580 (citing *Owens*, 488 U.S. at 244 n. 8). Plaintiff also alleged a § 1985 conspiracy claim. [Pl. Complaint (Doc. 1) at 21, 29.] But the federal courts "borrow" the forum state's general, residual, personal-injury statute of limitations for these claims as well. *McDougal v. Cty. of Imperial*, 942 F.3d 668, 673–74 (9th Cir. 1991) (§ 1985 borrows the forum state's general, personal-injury statute of limitations). Likewise, Title IX claims borrow from the forum state's general, personal-injury statutes of limitations. *See Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1135–36 (9th Cir. 2006). Accordingly, all of Plaintiff's federal claims are time-barred

**2.     The "Continuing Tort Doctrine" Does Not Apply to the City of Mesa.**

Plaintiff's "continuing tort" arguments are nearly identical to arguments made by plaintiffs in other school-abuse cases. *E.g.*, *Doe v. Kipp DC Supporting Corp.*, 373 F. Supp. 3d 1 (D. D.C. 2019); *Doe ex rel. Doe v. White*, 627 F. Supp. 2d 905 (C.D. Ill. 2009); *see also Bonneau*, 666 F.3d at 581 (rejecting "repressed memory" theory). Here, Plaintiff argued that her claims did not accrue until she and her abuser ended their sexual relationship, even though this was several years after she reached the age of majority.[2] [Pl. Response (Doc. 11) at 6.]

Courts have consistently rejected this argument. In *Kipp*, *supra*, for example, the plaintiff began a sexual relationship with her science teacher when she was approximately 14. *Kipp*, 373 F. Supp. 3d at 5. The relationship continued until the plaintiff was 19. *Id.* at 6.

---

[2] The only tort-based omission alleged against the City's employee--Officer Flanigan -- is that she failed to report potential sexual abuse. [*See* Pl. Complaint (Doc. 1) at 15–16 ¶¶ 159–170.] Any alleged duty to report was extinguished once Plaintiff reached the age of majority. *See* A.R.S. § 13-3620(A) (requiring certain people to report the abuse of "a minor"). Plaintiff failed

Approximately five years later, the *Kipp* plaintiff "realize[d] the wrongfulness" of her teacher's behavior. *Id.* She subsequently sued her teacher and several school officials under § 1983, Title IX, and common-law negligence, alleging that the school officials were at fault because they did not meet their statutory duty to report the abuse to the proper authorities. *Id.* When the officials moved to dismiss the plaintiff's case as time-barred, the plaintiff argued, among other things, that the continuing tort doctrine applied because of the school officials' "continuing failure to comply with [their] mandatory reporting requirements." *Id.* at 12.

The *Kipp* court rejected the plaintiff's continuing-tort argument and dismissed her entire case as time-barred. *Id.* at 8–15. "The continuous tort doctrine is intended to apply to situations where a tort causes continuing and cumulative harm." *Id.* at 14. But that sort of situation was not present in *Kipp* because the school officials' duty to report was extinguished once the plaintiff reached the age of majority. *Id.* As such, the *Kipp* court found that "the [continuing tort] doctrine d[id] not operate to toll [the plaintiff's] negligence claims premised on [a] violation of a duty to report," *id.*, and that her § 1983 and Title IX claims were time-barred because she failed to comply with the forum's general, personal-injury statute of limitations. *Id.*, at 11.

The same is true in this case. Officer Flanigan could not have committed a duty-to-report tort after Plaintiff turned 18. As such, any continuous harm ended when Plaintiff reached the age of majority in approximately July of 2015. That is when § 1983's statute of limitations began to run, and Plaintiff's claims were time-barred two years later. Because Plaintiff failed to file her federal claims within this two-year window, her federal claims must be dismissed.

**3.   Equitable Tolling Does Not Apply.**

"Equitable tolling is an extraordinary remedy [that] should be extended only sparingly." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (internal quotes omitted); *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (noting that equitable tolling applies

---

to allege a specific tort attributed to the City's employee that continued past majority.

- 5 -

only if "extraordinary circumstances" made it "impossible" for Plaintiff to file on time).

Plaintiff has not met her burden to show that this "extraordinary" remedy should be applied in this case. Although Plaintiff admitted that "she was with her abuser after the general personal injury statute of limitations had passed," she argued that it would be "irresponsible" and "callous" to apply this statute because she did not realize she had been abused until after her claim was time-barred. [Pl. Response (Doc. 11) at 9.] But the *Bonneau* and *Kipp* Courts both expressly rejected this argument. *Bonneau*, 666 F.3d at 581; *Kipp*, 373 F. Supp. 3d at 11 (holding that the statute of limitations begins to run when the plaintiff is injured, not when she "realize[s] the wrongfulness of her abuse"); *see also Gregg v. Haw. Dept. of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) ("[A] cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury.").

Plaintiff has failed to meet her burden required to trigger equitable tolling—and Plaintiff's argument is unsupported by any allegations or evidence of a "realization" years later. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (a complaint's "bare assertions" and "bald allegations" absent any corroborating allegations or evidence "are not entitled to the assumption of truth" on a 12(b)(6) motion). In fact, Plaintiff allegedly told several school officials about this relationship while she was still in high school, and she told her father about her relationship when she was 18. [*See* Pl. Complaint (Doc. 1) at 13, 16 ¶¶ 126, 129, 173.] Because Plaintiff was aware of her perpetrator's conduct and told others about this relationship when she was still in school and when she reached the age of majority, she has not alleged sufficient facts to support delayed accrual of her claims. *Accord Bonneau*, 666 F.3d 581.

Plaintiff, moreover, claims that the City of Mesa and Officer Flanigan "will not be prejudiced by applying equitable tolling" in this case. [Pl. Response (Doc. 11) at 9.] Plaintiff's conclusory argument is misguided. Plaintiff's primary accusations against Officer Flanigan—that she saw Plaintiff go to her abuser's home and did not report it—allegedly occurred during

the 2013–2014 school year. [*See* Pl. Response (Doc. 11) at 14–16 ¶¶ 141–170.] Plaintiff, however, did not file her complaint in this case until May 2020. Courts have consistently found that delays of more than a year are dilatory and prejudicial, thereby precluding equitable tolling. *Easley v. Cty. of El Dorado Probation Dept.*, 478 Fed. Appx. 447, 447 (9th Cir. 2012) (finding that a one-year delay in filing a § 1983 claim foreclosed the possibility of equitable tolling because such a delay was dilatory and prejudicial); *Ervin v. Cty. of Los Angeles*, 848 F.2d 1018, 1019–20 (9th Cir. 1988) (finding that a plaintiff's unwarranted delay of more than a year in filing her federal civil rights was neither reasonable nor in good faith, thereby precluding equitable tolling).  As another district court recently noted, the courts have been very reluctant to apply equitable tolling when the plaintiff's delay was longer than 16 months. *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 230 (N.D. Cal. 2019) (collecting cases).  Lower courts have consistently found that delays of over 16 months "demonstrate unreasonable conduct," making equitable tolling inappropriate. *Id*.  Because Plaintiff's case was filed more than six years after events allegedly occurred, and almost three years after expiration of the two-year statute of limitations, equitable tolling is not appropriate.

   **4.**  **Precedent Favors the City.**

  Plaintiff acknowledged that *Wilson v. Garcia*, 471 U.S. 261 (1985), controls and is in the City's favor—but Plaintiff has argued that this Court should ignore *Wilson* because the Supreme Court could not have foreseen a case like this when it decided *Wilson*. [*See* Pl. Response (Doc. 11) at 10.]  Courts are bound to follow binding Supreme Court precedent, even if they think the decision is outmoded. *See Bosse v. Oklahoma*, 137 S. Ct. 1, 2 (2016). *Wilson*, *Owens*, *Bonneau*, *Varnell*, *Woods*, and *Kipp* all show that Arizona plaintiffs have only two years to file the federal claims alleged once a cause of action accrues, without exception.  Plaintiff did not file her federal claims within this timeframe.  As such, her federal claims against the City of Mesa must be dismissed as time-barred.

B.  **PLAINTIFF'S § 1985 CLAIM IS LEGALLY DEFICIENT BECAUSE SHE FAILED TO ALLEGE ELEMENTS ESSENTIAL TO THE CLAIM.**

To avoid dismissal of her § 1985 claim, Plaintiff was required to allege that the City's sole employee— Police Officer Flanigan -- conspired against her because she was a member of a suspect or quasi-suspect class, thus violating her equal protection rights. Section 1985 "requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992); *see Griffith v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Here, Plaintiff failed to allege specifics of any conspiracy as to the City's employee, and failed to allege that the employee-police-officer was an agent of any co-defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (a complaint's "bare assertions" and "bald allegations" absent any corroborating allegations or evidence "are not entitled to the assumption of truth" on a 12(b)(6) motion). Further, Plaintiff failed to allege membership in a suspect or quasi-suspect class, failed to allege a violation of equal protection of the laws as committed by the police officer, and failed to allege the requisite discriminatory motivation. *See Sever*, 978 F.2d at 1536; *see also id.* (section 1985 "is not to be construed as a general federal tort law").

Plaintiff cited to *Scott v. Ross*, 140 F.3d 1275 (9th Cir. 1998), when arguing that § 1985 allows for vicarious liability against a municipality. [Pl. Response (Doc. 11) at 13–14.] *Scott*, however, held that a "private organization" could be held vicariously liable for its employees § 1985 conspiracies. *Scott*, 140 F.3d at 1284. The Ninth Circuit has not addressed whether municipalities can be held vicariously liable for their employees' § 1985 conspiracies. Nevertheless, courts that have addressed this issue have held that § 1985 does not allow for vicarious municipal liability. *E.g.*, *Davis v. Hempstead*, 208 F.3d 202, 203 (2d Cir. 2000); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

C. **PLAINTIFF'S STATE-LAW CLAIMS ARE TIME-BARRED.**

Arizona's child-abuse statute (A.R.S. § 12-514) does not provide an exception to the statutes of limitations related to public entities. In enacting § 12-514, the Arizona legislature could have used the language "[n]otwithstanding any other statutes of limitations," or the legislature could have expressly included §§ 12-821 or 12-821.01 in its list of exempted statutes. But it did not. Because the legislature did not expressly exempt §§ 12-821 or 12-821.01, they are unaffected by A.R.S. § 12-514, and plaintiffs suing public entities must continue to abide by their requirements in "[a]ll actions against any public entity." A.R.S. § 12-821.

Plaintiff, however, argued that this Court should go beyond the plain language of A.R.S. § 12-514 and consider the legislative notes that accompanied this statute in H.B. 2466. [*See* Pl. Response (Doc. 11) at 14.] However, this legislative history further shows that her time-barred claims against the City are not allowed. [3]

The Chaptered version of H.B. 2466 provides that "revived" claims of sexual abuse are subject to certain restrictions. Ariz. Laws 2019, Ch. 259, §§ 3(C), (D) (effective May 27, 2019) ([link](link)). H.B. 2466 provides that revived lawsuits alleging sexual abuse may be brought against only two groups of people: (a) the "perpetrator" of the abuse; or (b) "a person who was not the perpetrator" of the abuse if the perpetrator was the person's "employee," "volunteer," "representative," or "agent," and the person had "actual notice" of the perpetrator's misconduct. *Id.* at § 3(C). In other words, if an otherwise time-barred cause of action was "revived" by A.R.S. § 12-514, the lawsuit may be brought against only the perpetrator of the abuse or against an employee, volunteer, representative, or agent of the perpetrator who had "actual notice" of the perpetrator's misconduct. *Id.*

Given these limitations, Plaintiff cannot rely on A.R.S. § 12-514 to revive her state-law

---

[3] Plaintiff, moreover, conceded that her cause of action was "revived" by § 12-514 because her "claims were time-barred until A.R.S. § 12-514 was made law." [Pl. Response (Doc. 11) at 15.]

claims against the City. First, Police Officer Flanigan—the City's sole employee at issue—was not the perpetrator. Second, Plaintiff did not allege that the City or Officer Flanigan employed or otherwise supervised the perpetrator. Third, Plaintiff did not allege that the City or Officer Flanigan was an agent of the perpetrator. Finally, based on the allegations of mere "rumors" and Plaintiff's failure to allege that she informed Officer Flanigan of a sexual relationship with the perpetrator, Plaintiff is incapable of proving that the City had "actual notice" by clear and convincing evidence. *See id.* at § 3(D)(1) (burden of proof for revived claims is "clear and convincing evidence").

Plaintiff, moreover, is unable to prove by clear and convincing evidence that the City of Mesa was grossly negligent. *Id.* at § 3(D)(1) (burden of proof for gross negligence is "clear and convincing evidence"); *Hulstedt v. City of Scottsdale*, 884 F. Supp. 2d 972, 1017 (D. Ariz. 2012) (plaintiffs are required to prove "gross negligence" to hold the police liable for discretionary acts). Gross negligence is a very high standard. To succeed on her claim, Plaintiff must show by clear and convincing evidence that Officer Flanigan engaged in "wanton misconduct that [was] flagrant and evince[d] a lawless and destructive spirit." *Badia v. City of Casa Grande*, 988 P.2d 134, 141 (Ariz. Ct. App. 1999) (internal quotes omitted). Plaintiff's only allegation against Officer Flanigan, however, is that she "heard the rumors" about the alleged sexual relationship and "did not report what she knew." [Pl. Complaint (Doc. 1) at 15, 16 ¶¶ 160, 164.] Taking all Plaintiff's allegations against Officer Flanigan as true, Plaintiff is still unable to meet this very heavy burden. *See Badia*, 988 P.2d at 143 (dismissing the plaintiff's gross negligence claim because no reasonable trier of fact could find the gross negligence standard was met).

D. **LEAVE TO AMEND WOULD BE FUTILE.**

Although courts freely allow plaintiffs to amend their pleadings, "leave to amend need not be granted when [an] amendment would be an exercise in futility, such as when the claims are barred by the applicable statute of limitations." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096,

1103 (9th Cir. 2018). Because Plaintiff's federal claims and state-law claims are barred by their applicable statutes of limitations, allowing Plaintiff to amend her complaint would be futile. Her request for leave to amend should be denied.

E.     **CONCLUSION.**

Plaintiff's federal claims are time-barred. Plaintiff failed to cite to case law holding that a forum state's general, residual statute of limitations for personal injury actions should not be applied to her federal claims. To the contrary, *Wilson*, *Owens*, *Bonneau*, *Varnell*, *Woods*, and *Kipp*, *supra*, show that Plaintiff's federal claims are time-barred and that federal courts do not utilize a state's child-abuse-specific statute of limitations. Further, case law such as *Sever* and *Griffith*, *supra*, show that Plaintiff's § 1985 claim is legally deficient. Accordingly, Plaintiff's federal claims should be dismissed.

Plaintiff's state-law claims are also time-barred because Plaintiff failed to abide by Arizona's statutes of limitations applicable to governmental entities and employees, *see* A.R.S. §§ 12-821, 12-821.01. Arizona's new child-abuse statute (A.R.S. § 12-514) does not revive Plaintiff's claims against the City because the statue does not expressly list A.R.S. §§ 12-821 and 12-821.01 as excepted. Plaintiff's reliance on the uncodified text of H.B. 2466 is misplaced. H.B. 2466 provides that revived lawsuits alleging sexual abuse may be brought only against: (a) the perpetrator of the abuse; or (b) an employee, volunteer, representative, or agent of the perpetrator who had "actual notice" of the perpetrator's misconduct. The City of Mesa does not fit into either of these categories. Accordingly, Plaintiff's state-law claims are time-barred and must be dismissed as well.

Based on the foregoing, the City of Mesa respectfully requests this Court to dismiss it with prejudice from this case and award it costs.

/ / /

/ / /

DATED this 9th day of July 2020.

/s/ Duncan J. Stoutner
Duncan J. Stoutner
Alexander J. Lindvall
City of Mesa Attorney's Office