**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tiffany Franco, | No. CV-20-01129-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Mesa Public Schools, et al., | |
| Defendants. | |

Pending before the Court are three Motions to Dismiss brought by Defendants Mesa Unified School District (Doc. 4),[1] Mesa Police Department (Doc. 6), and Karrie Flanigan (Doc. 36). The parties have fully briefed the Court on each motion.[2]

**I.    Background**

The Complaint alleges that when Plaintiff was about fifteen years old, her high school teacher initiated a sexual relationship with her. (Doc. 1-4 at ¶ 84). The relationship quietly continued throughout her high school career until "a few months after" her May 2015 graduation, when Plaintiff turned eighteen. (*Id.* at ¶¶ 92, 93). Upon reaching the age of majority, she "went public with her relationship" by acknowledging it on social media. (*Id.* at ¶ 94). After going public, Plaintiff's relationship with the teacher continued until

---

[1] Defendant Mesa Unified School District requested oral argument on this matter. The Court denies the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b) (stating that a court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[2] Plaintiff has filed a Response to each motion to dismiss (Docs. 11, 12, 39). And Defendants have filed their respective Replies (Docs. 14, 15, 41).

1  they broke up "in or around June 2019." (*Id.* at ¶ 95).[3]

2  Plaintiff filed this action in Maricopa County Superior Court on May 19, 2020. (*Id.* at 11). Defendants then removed the action to this Court. (Doc. 1). The Complaint brings ten claims against Defendants for their role in perpetrating or allowing sexual misconduct to occur. Half of Plaintiff's claims are federal causes of action brought under 42 U.S.C. § 1983, § 1985 and 20 U.S.C. § 1681. (Doc. 1-4 at ¶¶ 189–232, 298–316). The other half are state-law claims based in negligence and civil conspiracy. (*Id.* at ¶¶ 233–97). Defendants have moved to dismiss the federal claims under Federal Rule of Civil Procedure 12(b)(6). (Docs. 4 at 2; 6 at 1; 36 at 1).

**II.     Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make a short and plain statement showing that the pleader is entitled to relief for its claims. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim can be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a motion to dismiss, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)

---
[3] Plaintiff's briefing suggests that the relationship ended a year earlier, "in or around June 2018." (Docs. 11 at 6; 12 at 6; 39 at 5).

("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.").

### III. Discussion

Defendants argue Plaintiff's federal claims are barred by the statute of limitations, which is two years after Plaintiff became an adult. (Docs. 4 at 2; 6 at 1; 36 at 1). Plaintiff makes three arguments why her claim is not time barred. The first is that the applicable statute of limitations allows her to file her claim twelve years, not two, after it accrues. (Doc. 39 at 4). Second, Plaintiff argues that the continuing tort doctrine extends her claim such that her current filing is not barred, even if the applicable limit is two years. (*Id.* at 5). And finally, if her other arguments fail, Plaintiff asks this Court to let her bring her claims under the equitable tolling doctrine. (*Id.* at 6).

    *a.*    *Applicable Statute of Limitations*

Some of Plaintiff's claims invoke § 1983, and "it is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985)). The Ninth Circuit uses this same standard for claims under § 1985. *McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991) ("[S]uits under § 1985(3) are . . . governed by the same statute of limitations as actions under § 1983.") *overruled on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2005). And the same applies to claims brought under 20 U.S.C. § 1681 ("Title IX"). *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006) (holding that such "claims are subject to the applicable state statute of limitations for personal injury actions").

Arizona has a two-year statute of limitations for personal injury claims. A.R.S. § 12-542(1). But Plaintiff argues that the appropriate statute of limitations for her federal claims is actually twelve years because of A.R.S. § 12-514, which overrides the two-year limit in cases where a minor suffered an injury from another's sexual misconduct. (Doc.

39 at 5).

Because Plaintiff's federal claims borrow a state's statute of limitations, "[t]he issue is not what statute of limitations the [Arizona] legislature intended to apply to this federal action, but rather what state statute of limitations the federal claim should 'borrow.'" *Stanley*, 433 F.3d at 1135 (9th Cir. 2006). And deciding which state statute of limitations to borrow is an issue that used to vex litigants and courts. Recognizing this in the context of § 1983 claims, the Supreme Court provided a "rule for determining the appropriate personal injury limitations statute." *Owens v. Okure*, 488 U.S. 235, 243 (1989). The rule is "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Id.* at 249–50. The Ninth Circuit has applied this rule to both § 1985 and Title IX claims. *See McDougal*, 942 F.2d at 647; *Stanley*, 433 F.3d at 1136. Here, A.R.S. § 12-542(1) provides the general statute for personal injury actions, and so that two-year limit is the applicable statute of limitations for all of Plaintiff's federal claims. *See Cholla Ready Mix, Inc., v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (using A.R.S. § 12-524's two-year statute of limitations in a § 1983 claim).

In *Stanley*, the Ninth Circuit considered which of two California statutes of limitations to borrow in a sexual harassment case. 433 F.3d at 1134. There, the plaintiff alleged that her former professor had sexually harassed her, and her suit included Title IX claims against the Trustees of the California State University. *Id.* at 1132. When the plaintiff filed her action, California's one-year statute of limitations for personal injury blocked her claim. *Id.* at 1136. But the plaintiff argued that another statute of limitations, which dealt with public entities in particular, permitted bringing her Title IX claim two years after it accrued. *Id.* at 1135. Stressing the role that a single statute of limitations plays in preserving "uniformity, certainty, and the minimization of unnecessary litigation," the Ninth Circuit held it would borrow the one-year general personal injury statute for Title IX claims. *Id.* at 1135 (quoting *Wilson*, 471 U.S. at 275).

To be sure, the Court appreciates the seriousness of all allegations of sexual

misconduct, especially when children are involved. But if the Court were to borrow the twelve-year statute of limitations for Plaintiff's § 1983, § 1985, and Title IX claims, then the Court would be returning to a time when courts sought out the "most appropriate" state statute of limitations for each individual case. *See Owens*, 488 U.S. at 239. This would unnecessarily unlock and open the door to "confusion and inconsistency" when other parties come with federal claims citing other tort-specific statutes of limitations. *See id.* at 240. And at that point, whether a federal claim is time barred would largely depend on "counsel's artful pleading and ability to persuade the court that the facts and legal theories of a particular § 1983 [or other] claim resembled a particular common-law or statutory cause of action." *Id.* This ultimately frustrates the purpose of a statute of limitations because, as we have seen in the past, plaintiffs and defendants would have "no idea whether a federal civil rights claim was barred until a court ruled on their case." *Id.* To deviate now from the well-established rule would cast uncertainty over every party brining a § 1983, § 1985, or Title IX claim.

        Therefore, the Court will continue to borrow A.R.S. § 12-542(1)'s two-year statute of limitations for Plaintiff's federal claims as this statute is the general statute for personal injury claims. *See Owens*, 488 U.S. at 249–50; *Cholla Ready Mix, Inc.*, 382 F.3d at 974. Under this two-year limit, it seems that Plaintiff brings her federal claims too late. When calculating whether a statute of limitations bars a plaintiff's claim, federal courts apply the forum state's tolling laws so long as they do not contradict federal law. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In Arizona, if an individual is under the age of eighteen at the time her cause of action accrues, the statute of limitations is tolled until she turns eighteen. A.R.S. § 12-502; *see also Doe v. Garcia*, 5 F. Supp. 2d 767, 770 (D. Ariz. 1998) (applying A.R.S. § 12-502). Therefore, Plaintiff's claim accrued when she turned eighteen, after her May 2015 graduation. (Doc. 1-4 at ¶¶ 92, 93). Although the Complaint does not specify exactly when Plaintiff reached the age of majority, it is clear the statute of limitations barred her claim at some time in 2017, well before she filed her 2019 Complaint. (*Id.* at 11).

b.   *Continuing Tort Doctrine*

Plaintiff argues that, even if the two-year limit applies, her Complaint is still timely under the continuing tort doctrine because her claim did not accrue until she ended her relationship in June 2018. (Doc. 39 at 5). Under this doctrine, the statute of limitations does not run until the continuing wrongful conduct ends. *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002). It applies when "no single incident" can "fairly or realistically be identified as the cause of significant harm." *Id.* (quoting *Page v. United States*, 729 F.2d 818, 821–22 (D.C. Cir. 1984)).

Here, the root of all Plaintiff's claims is clearly the sexual abuse she suffered as a minor. But that harm ceased legally when she reached the age of majority, at which point she had two years to bring her federal claims. *See* A.R.S. §§ 12–502; 12-542. While Plaintiff argues that several Defendants made the continuing choice to hide or not report the abuse (Doc. 39 at 6), she herself "went public" with the relationship when she turned eighteen. (Doc. 1-4 at ¶ 94). While Arizona law requires those who reasonably believe a minor has been abused to alert the authorities, the law does not require anyone to report public relationships between adults. *See* A.R.S. § 13-3620. Therefore, the continuing tort doctrine does not allow Plaintiff to toll the accrual of her federal claims beyond her eighteenth birthday.

c.   *Equitable Tolling Doctrine*

Finally, Plaintiff argues that the Court should apply the doctrine of equitable tolling so that she may bring her claim. (Doc. 39 at 6). As noted above, federal courts apply the forum state's tolling laws, both statutory and equitable, so long as they do not contradict federal law. *See Fink*, 192 F.3d at 914. Generally, the doctrine of equitable tolling "allows a plaintiff to avoid a statute of limitations if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of the claim." *Supermail Cargo*, 68 F.3d 1204, 1207 (9th Cir. 1995) (quoting *Stevens v. Sec'y of the Dep't of Health and Hum. Servs.*, 31 Fed. Cl. 12, 23 (1994)). Such relief is reserved for "extreme cases" and is "applied sparingly." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992).

Plaintiff claims that it "took time to realize" Defendants' wrongful acts and bring her claim because she "believed she was in love with her abuser." (Doc. 39 at 7). This is effectively an argument that Plaintiff failed to exercise due diligence because she was of unsound mind. In Arizona, A.R.S. § 12-502 provides a statutory tolling provision for those of unsound mind that is "premised on equitable principles." *Doe v. Roe*, 955 P.2d 951, 963 (Ariz. 1998). This law has been used to toll the statute of limitations in child sex abuse cases. *See id.*; *Florez v. Sargeant*, 917 P.2d 250, 253 (Ariz. 1996). Under the statute, a person is of unsound mind when they cannot manage their own affairs or cannot recognize their legal rights or liabilities. *Doe*, 955 P.2d. at 964. Federal courts also recognize the use of equitable tolling when a plaintiff presents "compelling evidence" of mental illness that delayed a claim. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

Here, the Complaint does not allege any facts showing that Plaintiff was unable to manage her affairs or recognize her legal rights, nor does it make any allegations of mental illness. *See Doe*, 955 P.2d at 963; *Stoll*, 165 F.3d at 1242. The Court is aware that under Ninth Circuit law, the applicability of the equitable tolling doctrine "is not generally amenable to resolution on a Rule 12(b)(6) motion" because its application often depends on matters outside the pleadings. *Supermail Cargo*, 68 F.3d at 1206 (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)). But here, the "issue is whether the complaint, liberally construed in light of our 'notice pleading' system, adequately alleges facts showing the *potential* applicability of the equitable tolling doctrine." *Cervantes*, 5 F.3d at 1277; *see also Jablon*, 614 F.2d at 682 (noting that a court must assess a *complaint's* allegations when determining whether to toll the statute of limitations). Not a single factual allegation in the Complaint, as it is currently drafted, indicates that Plaintiff suffered from a mental illness such that she was inhibited from bringing her claim. Therefore, no factual allegations in the Complaint raise the right of relief from the statute of limitations under federal or state law. *See Twombly*, 550 U.S. at 555.

Having exhausted all of Plaintiff's arguments to the contrary, it is apparent on the face of this Complaint that Plaintiff brings her federal claims too late. *See Huynh*, 465 F.3d

1 at 997. Therefore, the Court will dismiss them.

2 **IV.     Supplemental Jurisdiction**

3 By dismissing the Complaint's federal claims, all that remain are state law claims under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). When a court dismisses each federal claim before trial, it may and should decline jurisdiction over the remaining state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *see also* 28 U.S.C. § 1367(c)(3). The Court will decline supplemental jurisdiction and remand this action to Maricopa County Superior Court, unless Plaintiff files an amended complaint addressing her original Complaint's deficiencies.

11 **V.     Leave to Amend**

12 Nothing alleged in the Complaint forecloses the possibility that Plaintiff was ever mentally unsound. In *Von Saher* the Ninth Circuit held that, under a Rule 12(b)(6) motion, it is inappropriate to dismiss a complaint without leave to amend when facts could be alleged that invoke a tolling provision to the statute of limitations. 592 F.3d at 969. The court granted the plaintiff leave to amend the complaint so that it could allege facts showing how the tolling applied. *Id.* This Court will follow *Von Saher's* example. If Plaintiff earnestly believes she can show extraordinary mental infirmities prevented her from filing her claims within the statute of limitations, then she may file a motion to amend her pleadings to reflect this in accordance with Local Rule 15.1(a).

21 Accordingly,

22 **IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. 4, 6, 36) are **GRANTED**.

24 **IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days from the date this Order is issued to file a motion to amend her Complaint.

26 …

27 …

28 …

**IT IS FINALLY ORDERED** that if Plaintiff fails to file a motion to amend her Complaint within thirty (30) days from the date this Order is issued, the Clerk of Court shall remand this action to the Maricopa County Superior Court and terminate this case.

Dated this 16th day of December, 2020.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge