**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tiffany Franco,<br><br>              Plaintiff,<br><br>v.<br><br>Mesa Public Schools, et al.,<br><br>              Defendants. | No. CV-20-01129-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. 58). Defendants Mesa Police Department and Karrie Flanigan filed a Response (Doc. 60), as has Defendant Mesa Unified School District (Doc. 61). Plaintiff filed a Reply to each (Docs. 67; 68). The matter is fully briefed.

**I.     Background**

Plaintiff's original Complaint, filed in state court, alleges she was sexually abused by her high school teacher. (Doc. 1-4). After Defendants removed the action to this Court, they moved to dismiss Plaintiff's Complaint. (Docs. 4; 6; 36). The Court dismissed Plaintiff's federal claims because they were barred by the statute of limitations. (Doc. 56 at 7). In short, Plaintiff's 2019 claim was brought two years too late. (*Id.* at 5). The Court declined to toll the deadline either through Arizona law or federal equitable principles because the Complaint had not alleged Plaintiff was of unsound mind or suffered from a mental illness rendering her incapable of filing her claim in time. (*Id.*) In accordance with Ninth Circuit law, the Court granted leave to amend her pleadings if Plaintiff could "show

extraordinary mental infirmities prevented her from filing her claims within the statute of limitations." (*Id.* at 8) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).

Plaintiff has filed a Motion to amend her pleadings and now argues she "suffered severe emotional trauma as a result of years of sexual abuse" and "she was unable to recognize her legal rights and had difficulty functioning in society until she began seeing a counselor in 2018." (Doc. 58 at 2). In a proposed amended complaint, Plaintiff alleges that because she "believed she loved [her high school teacher] Mr. Grantham since she was 15 years old, it was completely unfathomable to her at the time that she could bring legal action against him." (Doc. 58-1 at ¶ 232). When she was a minor, Mr. Grantham told her that if she told the truth, she could go to jail. (*Id.* at ¶ 228). But she eventually "went public" with the relationship when she turned 18. (*Id.* at ¶ 104). She alleges that from 2015 through 2018 she was fired from two jobs for "acting out." (*Id.* at ¶¶ 234–35). Plaintiff characterizes her behavior at the time as "controlling and manipulative." (*Id.* at ¶ 237). Eventually, Plaintiff's counselor helped her understand "the abuse she suffered at the hands of Mr. Grantham and immense emotional and behavioral impacts on [Plaintiff]." (*Id.* at ¶ 242). Plaintiff alleges she realized that she had suffered abuse more than two years after her eighteenth birthday. (*Id.* at ¶ 245).

## II.     Leave to Amend & Federal Pleading Standards

The Court will evaluate Plaintiff's Motion for Leave to Amend to determine whether the original Complaint's defects could "possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

The Court evaluates the proposed amended complaint under federal pleading standards. To determine whether a complaint's allegations satisfy federal pleading standards, "all factual allegations set forth in the complaint 'are taken as true and construed

in the light most favorable to the plaintiffs.'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). But courts are not required "to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

**III.    Discussion**

Both Arizona law and federal law recognize that mental infirmities may toll the statute of limitations. Defendants argue Plaintiff has not alleged facts that would trigger either. (Doc. 60 at 2).

*a. Arizona Law*

A.R.S. § 12-502 provides a statutory tolling provision for those of "unsound mind" that is "premised on equitable principles." *Doe v. Roe*, 955 P.2d 951, 963 (Ariz. 1998). The statute provides that if after a cause of action accrues a person is of "unsound mind . . . the period of such disability shall not be deemed a portion of the period limited for commencement of the action." A.R.S. § 12-502. A person of unsound mind is unable (1) to manage her affairs or (2) to understand her legal rights or liabilities. *Nolde v. Frankie*, 964 P.2d 477, 482 (Ariz. 1998) (citing *Allen v. Powell's Int'l, Inc.*, 518 P.2d 588, 589 (Ariz. Ct. App. 1974)).

Plaintiff's new allegations do not demonstrate that she was unable to manage her affairs. To the contrary, they show Plaintiff was employed at various times over the time she claims she was of "unsound mind." (Doc. 58-1 at ¶ 234). Showing an inability to manage one's affairs requires showing that "a person is simply incapable of carrying on the day-to-day affairs of human existence." *Florez v. Sargeant*, 917 P.2d 250, 255 (Ariz. 1996). Because the policy behind a statute of limitations should not "be overcome by conclusory averments," any claim of unsound mind must be supported by "hard evidence." *Doe*, 955 P.2d at 964. Plaintiff's allegations that she was fired from two jobs and had a disagreeable temperament do not constitute such hard evidence necessary to establish an inability of carrying on day-to-day affairs. *See id.* at 965 (noting that even an allegation

that someone suffers from post-traumatic stress disorder, without more, does not suffice to show unsound mind).

Plaintiff's new allegations also do not show an inability to understand her legal rights. She alleges that, during her relationship, it was "unfathomable" that she would eventually bring a lawsuit against a person whom she "believed she loved." (Doc. 58-1 at ¶ 232). But under Arizona law, simply claiming an "inability to bring the action" is insufficient. *Doe*, 955 P.2d at 964. While the idea of bringing an action against one she thought she loved may have once been unthinkable, Plaintiff fails to allege facts showing that the idea was incomprehensible. *See id.* at 967. Plaintiff does not show how she is of unsound mind and so may not invoke the tolling provision under Arizona law.

### b. Federal Law

Federal courts recognize the use of equitable tolling when a plaintiff presents "compelling evidence" of mental illness that delayed a claim. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). In *Stoll*, the Ninth Circuit found such compelling evidence in the case of a woman with "sever major depression and severe generalized anxiety disorder, as well as somatic form pain disorder." *Id.* at 1240. After surviving horrendous acts of sexual assault from her coworkers, the woman was "considered totally psychiatrically disabled and receive[d] federal occupational benefits." *Id.* Her experience was so psychologically damaging that she experienced "particularly acute" anxiety when she was required to have contact with males, "including, tragically, her own sons." *Id.* Although the facts alleged in Plaintiff's proposed complaint are compelling in that they allege terrible misconduct, allegations that Plaintiff was fired from two jobs and had a disagreeable temperament do not warrant equitably tolling of the statute of limitations due to mental illness.

## IV. Conclusion

Plaintiff's proposed amended complaint would not allege facts sufficient to merit tolling the statute of limitations for her federal claims. When given the opportunity to demonstrate otherwise, Plaintiff has been unable to allege facts showing how the statute of

limitations may be tolled. *See Von Saher*, 592 F.3d at 969 (holding that a complaint may not be dismissed unless facts cannot be alleged that invoke a tolling provision to the statute of limitations). Plaintiff's proposed complaint is subject to dismissal for the same reasons that the Court dismissed the federal claims in Plaintiff's original Complaint. *See Moore*, 885 F.2d at 538 (holding that leave to amend need not be granted when the proposed amended complaint is subject to dismissal). Therefore, the Court denies leave to amend. The Court also denies Plaintiff's request for leave to file another amended complaint, because further attempts to toll the statute of limitations would be futile. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.")

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 58) is **denied**.

**IT IS FURTHER ORDERED** that for reasons stated in a prior Order (Doc. 56) the Court has dismissed Plaintiff's federal claims and declined supplemental jurisdiction over her state claims. The Clerk of Court shall remand this action to the Maricopa County Superior Court and terminate this case.

Dated this 15th day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge